Citation Nr: 1339289 
Decision Date: 11/29/13 Archive Date: 12/13/13

DOCKET NO. 12-16 327 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to service connection for low back disability.

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: Oklahoma Department of Veterans Affairs


WITNESSES AT HEARING ON APPEAL

Appellant and F.O.





ATTORNEY FOR THE BOARD

Thomas H. O'Shay, Counsel



INTRODUCTION

The Veteran had active service from September 1950 to June 1952. He thereafter served in the Army National Guard.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of April 2011 and December 2011 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma. The Veteran testified at a Board hearing held at the RO in October 2013. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2013). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.



REMAND

During active service, the Veteran served in artillery, with duty locations in Japan and Korea. He contends that he injured his low back twice in service, and that neither injury was recorded because they occurred in war zones. His service treatment records for the period of active duty, except for his entrance and discharge examinations, are unavailable and presumably were destroyed in a 1973 fire at the National Personnel Records Center.

Private treatment records show that the Veteran has a variety of maladies affecting his lower spine, including degenerative disc disease with central canal stenosis, and scoliotic deformity of the thoracolumbar spine; diagnostic testing did not reveal evidence of a compression fracture or destructive process. The treatment records are silent for reference to the origin of the low back problems, other than one occasion in which the Veteran indicated that he injured the area in service; his physicians did not further elaborate on that history.

The Veteran contends that he was treated in service for his back injuries, and that he has continued since service to experience the same back problems. He testified as to his injuries in service, and the Board finds his testimony credible and consistent with the circumstances of his service. Notably, he has not been afforded a VA examination addressing the etiology of his current low back disability. Under the circumstances, the Board finds that a VA examination or medical opinion is necessary.

Turning to entitlement to a TDIU, service connection is currently in effect for posttraumatic stress disorder (PTSD), evaluated as 70 percent disabling; bilateral tinnitus, currently evaluated as 10 percent disabling; and bilateral hearing loss, currently evaluated as 10 percent disabling. The record reflects that the Veteran was examined in August 2011 to determine the impact of his service-connected disorders on employability. Although the examiners indicated there was some interference with employability, under the circumstances the Board finds it prudent to delay adjudication of the TDIU claim pending the development required with respect to the low back disorder.

Accordingly, the case is REMANDED for the following actions:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2013). Expedited handling is requested.)

1. The RO/AMC should arrange for the Veteran to undergo a VA examination by an examiner with appropriate expertise to determine the nature, extent, and etiology of any current low back disability. All indicated studies should be conducted. With respect to any low back disability identified, the examiner should provide an opinion concerning whether it is at least as likely as not that such disability is etiologically related to service, including to the two claimed in-service injuries, or was manifest within one year of discharge from service. The examiner should also provide an opinion of the impact of the Veteran's low back disability on his employability.

The relevant documents in the Veteran's claims files should be made available to the examiner for review. The examiner should provide a rationale for each opinion offered.

2. Thereafter, and after undertaking any other development action deemed necessary, the RO/AMC should readjudicate the issues on appeal. If the benefits sought on appeal are not granted in full the RO/AMC should issue a supplemental statement of the case, and should provide the Veteran and his representative an opportunity to respond.

After the Veteran and his representative have been given an opportunity to respond to the supplemental statement of the case, the case should be returned to the Board for further appellate consideration, if otherwise in order. By this remand, the Board intimates no opinion as to any final outcome warranted. The appellant and his representative have the right to submit additional evidence and argument on the matters the Board has remanded to the RO/AMC. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This case must be afforded expeditious treatment. The law requires that all claims remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).




_________________________________________________
JAMES L. MARCH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).